WILLIAMS, Judge.
When a petitioner seeks post-conviction relief, his claim for relief shall be granted only on the fundamental constitutional and statutory grounds set-forth in LSA-C.Cr.P. art. 930.3, such as the denial of the right to a fundamentally fair trial. Consequently, as relator’s claims do not rest on any of the grounds enumerated in that Article, writ is denied.
I. SUFFICIENCY OF EVIDENCE OF SPECIFIC INTENT
Relator alleges that the State failed to prove he had specific intent to kill or inflict great bodily harm as required by LSA-R.S. 14:30.1, 14:10, because the victim had left a suicide note and relator’s voluntary intoxication was sufficient to vitiate the element of specific intent.
In regard to relator’s defense of “victim suicide”, the evidence produced at trial established the victim had been shot twice with a shotgun from a distance of three or four feet. The shotgun, which was the type that had to be loaded after each shot, was found loaded in the room with the body. Additionally, the pathologist ruled out possible suicide because the wounds were not contact wounds and because either of the wounds would have caused the victim’s death.
Likewise, relator’s intoxication defense was presented at trial but the State countered defendant’s evidence by introducing the results of its intoximeter test which had been administered to relator one to two and one half hours after the time of the felonious act. These results revealed relator’s blood alcohol level was .11.
Consequently, when viewing the evidence in the light most favorable to the prosecu *1314 tion, we find that any rational trier of fact could have found the essential element of specific intent was proved beyond a reasonable doubt and not vitated by the evidence supporting these two defenses. Thus, this claim is meritless. LSA-C.Cr.P. art. 930.3.
II. FAILURE TO INSTRUCT ON THE LAW OF INSANITY
Relator’s second contention is the trial court erred by refusing to instruct the jury on the law applicable to an insanity defense as required by LSA-C.Cr.P. art. 803.
At relator’s arraignment on July 6, 1984 the court appointed him counsel for purposes of arraignment only and he entered his plea of not guilty. On the day of trial, February 6, 1985, relator changed his plea to the dual plea of not guilty and not guilty by reason of insanity. During trial, however, he introduced absolutely no evidence pertaining to an insanity defense. Therefore, despite defense counsel’s objections, the trial judge refused to give the jury instructions on the law of insanity.
Relator now claims he was denied substantive due process because the trial court did not follow the mandatory language of LSA-C.Cr.P. art. 803 which provides in pertinent part:
When a defendant has specially pleaded insanity in accordance with C.Cr.P. art. 552, the court shall charge the jury with respect to the law applicable thereto.
At first blush, relator’s claim appears to have merit. However, the statute relied upon, LSA-C.Cr.P. art. 803, makes reference only to LSA-C.Cr.P. art. 552, which provides:

Pleas at the Arraignment

There are four kinds of pleas to the indictment at the arraignment:
(1) Guilty;
(2) Not guilty;
(3) Not guilty and not guilty by reason of insanity; or
(4) Nolo contendere ...
The flaw in relator’s argument is that when at trial he changed his not guilty plea to the dual plea, his plea was no longer an Article 552 plea. Instead, his plea had become an Article 561 dual plea.
Article 561 Change of Plea of “not guilty” to “not guilty and not guilty by reason of insanity”.
The defendant may withdraw a plea of “not guilty” and enter a plea of “not guilty and not guilty by reason of insanity,” within ten days after arraignment. Thereafter, the court may, for good cause shown, allow a change of plea at anytime before the commencement of the trial.
An Article 561 dual plea is not statutorily protected in regard to jury instructions on insanity defenses as is an Article 552 dual plea. Consequently, because relator presented no evidence of the defense and was convicted based upon the overwhelming evidence of his guilt for the crime charged, we find the trial judge’s refusal to instruct the jury on the law of insanity does not rise to the level of a fundamental constitutional or statutory claim. Therefore, this claim is without merit.
III. INEFFECTIVE ASSISTANCE OF COUNSEL
Relator’s final claim is that both his trial and appellate counsel rendered ineffective assistance. Under the two-prong test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), however, relator cannot demonstrate actual prejudice. Due to the overwhelming evidence of relator’s guilt, the outcome of the trial and appellate proceedings were not unfair and would not have been different. Therefore, this claim is meritless.
PRESTON H. HUFFT, J. pro tern., concurs with reasons.